**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**PATRICE NORWOOD, individually**　　　　　　　　　　　　　**PLAINTIFF**
**and on behalf of all others similarly**
**situated**

**V.**　　　　　　　　　　　　　　　　　　**NO. 4:21-CV-134-DMB-JMV**

**UNITED MEDICAL RECOVERY,**
**LLC; and JOHN DOES 1-25**　　　　　　　　　　　　　　**DEFENDANTS**

**OPINION AND ORDER**

Patrice Norwood filed a class action complaint against United Medical Recovery alleging violations of the Fair Debt Collections Practices Act. United Medical Recovery has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim or, alternatively, for summary judgment based on arguments that Norwood lacks standing to bring the claims and the collection letter in question did not violate the applicable statutes. Because the Court concludes that under a recent Fifth Circuit decision, Norwood has failed to establish standing to bring her claims, the motion will be granted to the extent it seeks dismissal for lack of jurisdiction. However, Norwood will be given an opportunity to seek leave to amend her complaint.

**I**
**Procedural History**

On October 19, 2021, Patrice Norwood, individually and on behalf of all others similarly situated, filed a class action complaint in the United States District Court for the Northern District of Mississippi against United Medical Recovery, LLC ("UMR") and "John Does 1-25." Doc. #1. The complaint alleges violations of the Fair Debt Collections Practices Act ("FDCPA") based on a December 15, 2020, collection letter UMR sent to Norwood. *Id.* at PageID 2–3.

After receiving an extension to respond to the complaint, UMR filed an answer on December 28, 2021. Doc. #6. Five weeks later, on February 1, 2022, UMR filed a "Motion to Dismiss or for Summary Judgment" "pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56," asserting that (1) Norwood lacks Article III standing and (2) the complaint fails to state a claim. Doc. #8. The motion is fully briefed. Docs. #9, #12, #13.

## II
## Jurisdiction

Generally, "[w]hen facing a challenge to subject-matter jurisdiction and other challenges on the merits, [a court] must consider first the Rule 12(b)(1) jurisdictional challenge prior to addressing the merits of the claim." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). An argument that a plaintiff lacks Article III standing is an attack on the court's subject matter jurisdiction. *See Abraugh v. Altimus*, 26 F.4th 298, 301 (5th Cir. 2022). Thus, the Court first will determine whether Norwood has Article III standing to bring her claims.

### A. Relevant Standard

"A motion to dismiss for lack of standing may be either facial or factual." *Superior MRI Serv., Inc. v. Alliance Healthcare Serv., Inc.*, 778 F.3d 502, 504 (5th. Cir. 2015). "Where … the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Comm'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016).

> A factual attack, however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. Moreover, a factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and the plaintiff bears the burden of proof that jurisdiction does in fact exist.

*Cell Science Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 263 (5th Cir. 2020) (cleaned up) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). To satisfy this

burden, a plaintiff must "submit facts through some evidentiary method" because "no presumptive truthfulness attaches to the plaintiff's jurisdictional allegations." *Id.* at 264.

UMR refers to its jurisdictional attack as a factual one based on its assertion that it "cited evidence outside the pleadings in support of its Rule 12(b)(1) motion to dismiss." Doc. #9 at 3 n.3. However, UMR does not cite or otherwise rely on any of the exhibits attached to its motion to support its jurisdictional arguments; rather, it cites those exhibits only to support its failure-to-state-a-claim and summary-judgment arguments.[1] Under these circumstances, the Court concludes UMR has mounted a facial attack and will deem the allegations of the complaint as true in determining whether subject matter jurisdiction exits.

## B. Factual Allegations

Norwood "allegedly incurred" medical debts with Greenwood Leflore Hospital at some point prior to December 15, 2020. Doc. #1 at PageID 6. "Greenwood Leflore Hospital subsequently assigned or retained … UMR to collect the debts." *Id.*

"On or around December 15, 2020, … UMR sent a collection letter to [Norwood]." *Id.* at PageID 7. "The subject line of the letter states 'RE: Greenwood Leflore Hospital VS Patrice Norwood." *Id.*; Doc. #1-1.[2] The body of the letter, which is on UMR letterhead, states:

> Your above-referenced delinquent account has been referred to this firm for such action as may be necessary to secure payment <u>in full</u>.

> This letter is sent in accordance with <u>Mississippi Code Annotated</u>, Section 11-53-81, which states that if "any person fails to pay an open account within thirty (30) days after receipt of written demand therefore correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall

---

[1] UMR only references the exhibits with respect to standing when arguing that in addition to making "no factual allegation that she actually relied to her detriment or anything in the letter at issue," Norwood "should be held to a higher pleading standard for Article III purposes" based on a former case in which she asserted similar claims. Doc. #9 at 10. However, as discussed in this opinion, Norwood has failed to allege an injury to establish standing regardless of whether she is held to a heightened standard.

[2] *See Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (documents attached to a complaint "bec[o]me a part of [the] complaint for all purposes") (citing Fed. R. Civ. P. 10(c)).

be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff …."

If any portion of this debt is disputed, you are to notify us in writing within 30 days indicating the nature of the dispute, and if you do not we will assume the debt to be valid. If you indicate a dispute, we will provide you with further evidence concerning the validity of the debt. The fact that you have 30 days to indicate a dispute will not prevent us from filing a lawsuit against you for the bill, attorney's fees and court costs. However, if you pay this bill to us within thirty (30) days from the date of receipt of this letter, you will avoid paying my attorney's fees and court costs. Please return bottom portion of letter filled out or Send your check / Money order directly to our office address.

This communication is from a debt collector, its purpose is to collect a debt and any information obtained will be used for that purpose. This is an important matter.

Doc. #1-1.  The letter is signed by "Rebecca A. Keith Attorney-at-Law."  *Id.*  UMR, however, is not a law firm.  Doc. #1 at PageID 8.

The letter does not "provide a statement that upon request, the debt collector will provide the consumer with the name and address of the original creditor."  *Id.* at PageID 9.  Norwood "was not aware of her proper rights [regarding validation] and believed the[] false threats" related to litigation.  *Id.* at PageID 10.  As a result, she "expended time, and effort in determining the proper course of action" and "would have pursued a different course of action were it not for [UMR's] statutory violations."  *Id.*

### C. Analysis

UMR argues Norwood lacks Article III standing because she "has made no factual allegation that she actually relied to her detriment on anything in the letter at issue."  Doc. #9 at 10.  Norwood responds that she

has several different bases for establishing standing. The violations are substantive violations, and [her] failure to act on the letter is … a direct result of her confusion regarding the competing payment demands under Mississippi law and [her] validation rights under the FDCPA. As a direct result, [she] simply failed to act, completely bewildered as to the right course of action given these blatantly

4

> contradictory assertions in the letter. This resulted not only in her relinquishing her validation rights – which, in the context of her later challenges to the debt, is consequential – but also incurring additional fees and costs she would not have otherwise been subject to. Both of these are independent bases for finding Article III standing, as is [Norwood's] time and effort spent deciphering the letter's meaning.

Doc. #12 at 2. UMR replies that Norwood fails to distinguish any of the cases it cited in support of its motion. Doc. #13 at 4–6. And, relying on *TransUnion LLC v. Ramierz*, 141 S. Ct. 2190 (2021), UMR argues that "if a plaintiff fails to demonstrate any harm, the case is properly dismissed." *Id.*

### 1. Fifth Circuit's *Perez* decision

Just a few weeks ago, in *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, __ F.4th __, 2022 WL 3355249 (5th Cir. Aug. 15, 2022), the Fifth Circuit applied *TransUnion* in addressing whether a plaintiff had standing to bring claims under the FDCPA based on a collection letter that failed to disclose the limitations on her debt had run. In *Perez*, the "complaint highlighted three injuries that [Mariela Perez] suffered as a result of [the collection] letter:" (1) the letter "created a significant risk of harm in that [she] might have paid her time-barred debts;" (2) the letter "misled and confused her about the enforceability of her debt;" and (3) the letter "required her to consult an attorney to determine the enforceability of the debt." *Id.* at *1. The district court "held that the violation of Perez's statutory rights under the FDCPA constituted a concrete injury-in-fact because those rights were substantive, not procedural," and, alternatively, that Perez's "confusion qualified as a concrete injury-in-fact." *Id.* at *2.

Recognizing its "independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties,"[3] the Fifth Circuit analyzed whether Perez could

---

[3] *Perez*, 2022 WL 3355249 at *1.

"show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* In addressing the first question, the Fifth Circuit held the Supreme Court's decision in "*TransUnion* is clear: A plaintiff always needs a concrete injury to bring suit, and injuries are concrete only if they bear a close relationship to injuries that courts have traditionally recognized as concrete." *Id.* at *3. To show this close relationship, a plaintiff must "show that the type of harm he's suffered is similar in kind to a type of harm that the common law has recognized as actionable. If he can't do that, he hasn't suffered a concrete injury and doesn't have standing to bring suit." *Id.*

Based on this understanding of the law, the Fifth Circuit rejected Perez's argument that "violation of her statutory rights under the FDCPA itself qualifies as a concrete injury." *Id.* at *4. It also rejected the district court's finding that her suit "related to her substantive right to be free from misleading information instead of a bare procedural violation of the FDCPA." *Id.* The Fifth Circuit recognized that "*TransUnion* forecloses those theories" and "rejects the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at *3–4. It found *TransUnion* also foreclosed Perez's theory that the "letter subjected her to a material risk of financial harm and that that exposure qualifie[d] as a concrete injury" because "*TransUnion* held that merely being subjected to a risk of future harm cannot support a suit for damages." *Id.* at *4. Additionally, the Fifth Circuit joined "several [other] circuits in holding that the state of confusion, absent more, is not a concrete injury under Article III." *Id.* at *5. And because Perez did not allege that she "paid her attorney anything for the consultation, … her purported injury [was] solely lost time," and as she failed to "offer a common-law analog to the time-based injury she claim[ed] to

have suffered[,] … she [did] not me[e]t her burden to demonstrate that she ha[d] standing based on that theory." *Id.* at *6. The Fifth Circuit thus remanded the case with instructions to dismiss for lack of jurisdiction. *Id.* at *8.

## 2. Application

In light of the authority above, this Court concludes Norwood has failed to establish standing to bring her claims.

First, Norwood's argument that UMR's violation of the FDCPA "represents a violation of [her] substantive right to be free of abusive and deceptive debt collection practices, thus conferring Article III standing … without the need to show additional harm,"[4] is foreclosed by the Fifth Circuit's interpretation that *TransUnion* "requires a concrete injury even in the context of a statutory violation" such that an alleged FDCPA violation is insufficient to constitute an injury in fact. *Id.* at *3–4.

Next, Norwood's reliance on *Salermo v. Hughes Watters & Askanase LLP*, 516 F. Supp. 3d 696, 709 (S.D. Tex. 2021), does not advance her position. Quoting *Salermo*, Norwood argues that "consternation and fear" she experienced in response to "unrelenting litigation threats" amount to emotional distress sufficient to amount to an injury-in-fact. Doc. #12 at 12–13. However, unlike in *Salermo* where the plaintiff alleged she was "upset and frightened because she thought something imminent would happen, perhaps a lawsuit would be filed against her,"[5] Norwood's complaint does not allege she suffered from emotional distress but rather she "was confused and misled" by the letter. Doc. #1 at PageID 10. Such is insufficient to confer standing for her FDCPA

---

[4] Doc. #12 at 9.

[5] *Salermo*, 516 F. Supp. 3d at 701.

claim under *Perez*. *See* 2022 WL 3355249, at *5 ("[T]he state of confusion, absent more, is not a concrete injury under Article III.").

With respect to Norwood's argument that "the competing payment demands and validation rights in the Letter resulted in [her] not paying the debt, which now subjects [her] to the imminent risk of additional attorneys' fees and costs,"[6] Norwood's *complaint* does not contain any allegations that she has been subjected to such as a result of the letter. *See id.* at *4 ("[I]f a risk hasn't materialized, the plaintiff hasn't yet been injured.").

Finally, Norwood's "time and effort spent in deciphering the Letter"[7] do not amount to an injury in fact in the absence of a "common-law analog to the time-based injury she claims to have suffered." *See id.* at *6 (noting the court was "not aware of any tort that makes a person liable for wasting another's time").

Because Norwood fails to carry her burden of showing standing to bring her claims, this Court lacks subject matter jurisdiction.[8]

### III
### Amendment

In response to UMR's motion, Norwood also asks the Court to "grant [her] request for leave to amend as it would be particularly fruitful in the context of [her] standing arguments. To the extent that the Court is not persuaded by [her] substantive violation arguments, then amendment may indeed be crucial to establishing [her] harm in this case." Doc. #12 at 28. UMR

---

[6] Doc. #12 at 17.

[7] Doc. #12 at 19

[8] Having concluded jurisdiction is lacking, the Court declines to address the merits of Norwood's claims, especially in light of the fact that motions seeking "both Rule 12(b)(6) and summary judgment relief as alternatives … are discouraged because hybrid motions often fail to properly analyze the claims separately under each rule." *James v. Cleveland Sch. Dist.*, No. 4:19-cv-66, 2020 WL 5604660, at *2 (N.D. Miss. Sept. 18, 2020) (internal quotation marks omitted).

argues that "[a] motion for leave to amend a complaint cannot be raised in the body of a response[ and n]o motion to amend, supporting memorandum or proposed amended complaint has been filed in violation of Local Uniform Rule 7(b)(2)." Doc. #13 at 3.

The Court agrees that Norwood's request to amend in her response is procedurally improper under the Local Rules. *See* L.U. Civ. R. 7(b)(3)(B) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."). It is also true that the Court will not grant leave to amend in the absence of a proposed amended complaint. *See* L.U. Civ. R. 7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading ....."); *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (affirming district court's denial of leave to amend where plaintiff's request "merely stated that if the Court [was] inclined to dismiss any portion of [his] complaint … Plaintiff requests leave of court to amend his complaint to cure the alleged pleading deficiencies").

However, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" and the Fifth Circuit has held that this statute "should be liberally construed." *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010). Because it is not clear that Norwood cannot amend her complaint to cure the jurisdictional allegations identified above and because the parties did not have the benefit of the Fifth Circuit's guidance in *Perez* at the time of briefing, Norwood will be allowed a period of time to seek leave to amend.[9] *See Bryant v. Holder*, No. 2:10-cv-76, 2011 WL 710693, at *13 (S.D. Miss. Feb. 3, 2011) (granting opportunity to amend after concluding plaintiff failed to establish standing because

---

[9] Such motion should comply with all applicable requirements of the Local Rules.

"it is generally appropriate to permit plaintiffs an opportunity to correct jurisdictional defects in their complaint").

**IV**
**Conclusion**

UMR's "Motion to Dismiss or for Summary Judgment" [8] is **GRANTED in Part and DENIED in Part**.  It is GRANTED to the extent it seeks dismissal of the complaint for lack of subject matter jurisdiction.  It is DENIED without prejudice in all other respects.  Within fourteen (14) days of this order, Norwood may seek leave to amend to address the jurisdictional deficiencies in her complaint.[10]

 **SO ORDERED**, this 6th day of September, 2022.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[10] If Norwood fails to file such a motion within the time allowed, or if amendment is ultimately found to be futile, a final judgment consistent with this opinion will be entered.