**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**PATRICE NORWOOD, individually**                                  **PLAINTIFF**
**and on behalf of all others similarly
situated**

**V.**                                                                                        **NO. 4:21-CV-134-DMB-JMV**

**UNITED MEDICAL RECOVERY,
LLC; and JOHN DOES 1-25**                                          **DEFENDANTS**

## OPINION AND ORDER

On United Medical Recovery, LLC's motion, the Court dismissed Patrice Norwood's complaint for lack of subject matter jurisdiction but allowed Norwood a period of time to seek leave to amend her complaint. Norwood obtained leave to amend but did not file the amended complaint until two days after the deadline set by the Court, and did not file a motion to extend the deadline until the day after she filed the untimely amended complaint. Because Norwood has failed to show excusable neglect warranting an extension to amend, her motion for an extension will be denied; the amended complaint will be stricken; this case will be dismissed without prejudice for lack of subject matter jurisdiction; and the defendant's remaining motions—which all seek dismissal—will be denied as moot.

**I
Procedural History**

On October 19, 2021, Patrice Norwood, individually and on behalf of all others similarly situated, filed a class action complaint in the United States District Court for the Northern District of Mississippi against United Medical Recovery, LLC ("UMR"), and "John Does 1-25." Doc. #1. The complaint alleged violations of the Fair Debt Collections Practices Act ("FDCPA") based on a December 15, 2020, collection letter UMR sent to Norwood. *Id.* at PageID 2–3.

After receiving an extension to respond to the complaint, UMR timely filed an answer on December 28, 2021. Doc. #6. Five weeks later, on February 1, 2022, UMR filed a "Motion to Dismiss or for Summary Judgment" "pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56," asserting that (1) Norwood lacked Article III standing, and (2) the complaint failed to state a claim. Doc. #8.

In a September 6, 2022, "Opinion and Order," the Court granted UMR's motion to the extent it sought dismissal for lack of subject matter jurisdiction and denied it without prejudice in all other respects. Doc. #14. However, because the Court's conclusion that Norwood "fail[ed] to carry her burden of showing standing to bring her claims" relied on the Fifth Circuit's decision in *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*,[1] and "the parties did not have the benefit of the … guidance in *Perez* at the time of briefing," the Court allowed Norwood fourteen days to seek leave to amend her complaint to address the jurisdictional deficiencies. *Id.* at 8–10. The Court cautioned Norwood that if she failed to seek leave to amend or if amendment was found to be futile, a final judgment would be entered. *Id.* at 10 n.10.

Norwood filed a timely motion for leave to file an amended complaint. Doc. #15. On Thursday, October 6, 2022, United States Magistrate Judge Jane M. Virden granted the motion for leave as unopposed. Doc. #16. Judge Virden ordered Norwood "to file her proposed amended complaint … on the docket within two (2) business days." *Id.* Norwood did not do so.

On October 13, 2022, UMR moved to dismiss pursuant to Federal Rule of Civil Procedure 41 based on Norwood's failure to comply with the October 6 order. Doc. #18. Norwood filed an amended complaint later the same day. Doc. #20. The next day, Norwood filed a "Motion for Extension of Deadline to File Amended Complaint." Doc. #21.

---

[1] 45 F.4th 816 (5th Cir. 2022).

On October 20, 2022, UMR filed (1) a "Combined Motion to Dismiss and Response in Opposition to Plaintiff's Motion [Doc. 21] for Extension of Time to File Amended Complaint," Doc. #23;[2] and (2) a "Rebuttal Memorandum in Support of Motion to Dismiss [Doc. #16] and Opposing Plaintiff's Motion [Doc. 21] for Extension of Time to File Amended Complaint." Doc. #24. Because the Local Rules do not allow a response to include a counter-motion,[3] the Clerk of Court instructed UMR to refile the motion to dismiss as a separate docket entry from the response in opposition.

UMR filed on October 21, 2022, an "Amended and Corrected Motion to Dismiss Opposing Plaintiff's Motion [Doc. 21] for Extension of Time to File Amended Complaint." Doc. #25. Three days later, on October 24, UMR filed a "rebuttal memorandum" in support of its amended motion to dismiss. Doc. #26. That same day, it filed an "Article III Motion to Dismiss Amended Complaint or for Summary Judgment," Doc. #27, and an accompanying memorandum brief, Doc. #28.

On November 3, 2022, Norwood filed an untimely response[4] to UMR's October 13 Rule 41 motion to dismiss. Doc. #31. UMR replied. Doc. #32.

On November 15, 2022, Norwood filed an untimely response[5] to UMR's October 24 motion to dismiss or for summary judgment. Doc. #33. UMR filed a reply, Doc. #34, and memorandum brief, Doc. #35.

---

[2] Because UMR subsequently filed a separate motion to dismiss, see Doc. #25, the Court treats the combined filing as only UMR's response to Norwood's motion for extension.

[3] See L.U. Civ. R. 7(b)(3)(C).

[4] Beyond its untimeliness, Norwood docketed the filing as a response but its substance is that of a memorandum brief. The filing fails to comply with Local Rule 7(b)(4)'s requirement of a "response and memorandum brief in support of the response."

[5] This filing, like Norwood's response to UMR's October 13 motion to dismiss, was docketed as a response but is a memorandum brief in substance, and is also contrary to Local Rule 7(b)(4)'s requirement of a "response and memorandum brief in support of the response."

## II
## Discussion

Because the Court dismissed the initial complaint for lack of jurisdiction and because the amended complaint was filed after the deadline set by Judge Virden, the Court will first address whether an extension is warranted.

### A. Extension

Norwood asserts that "[d]ue to inadvertence of counsel, the deadline [to file the amended complaint] was overlooked;" UMR "would not be prejudiced by an extension of time because they were already on notice of the substance of [her] Amended Complaint;" and she "would be prejudiced by not allowing the extension due to the statute of limitations."[6] Doc. #21 at 1–2.

UMR responds that Norwood "does not contest [its] showing of prejudice" in its Rule 41 motion to dismiss; the "unexplained 'excusable neglect'" is "not supported by any affidavit, declaration, or other explanation;" "[t]here is no supporting case law or other authority cited;" and "well-settled law does not permit this Court to grant the requested relief." Doc. #23 at 2. Norwood did not reply.

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." A determination of whether a party has shown excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *L.A. Public Ins. Adjusters, Inc. v.*

---

[6] Norwood's memorandum brief—which is virtually identical to her motion—repeats these same assertions without any additional arguments or citation to legal authority. *See* Doc. #22. Norwood's failure to provide any legal authority to support the relief requested renders the brief insufficient. *See Virdine v. Guillot*, No. 21-30203, 2022 WL 3544396, at *2 (5th Cir. Aug. 18, 2022) ("A party inadequately briefs an argument when it fails to offer any supporting argument or citation to authority or to identify relevant legal standards and any relevant Fifth Circuit cases.") (internal quotation marks omitted) (citing *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016)).

*Nelson*, 17 F.4th 521, 525 (5th Cir. 2021). Factors considered "include but are not limited to the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (cleaned up). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

Here, the two-day delay had little to no impact on the judicial proceedings and there is no indication Norwood acted in bad faith. But while Norwood argues UMR would not be prejudiced by the two-day delay, she failed to respond to UMR's argument that it would be prejudiced if she is allowed to pursue her claims since the statute of limitations under the FDCPA has expired. Regardless of whether these factors weigh in favor of allowing an extension, the Court finds an extension unwarranted because missing a deadline due to "inadvertence of counsel"[7] is insufficient to show excusable neglect. *See Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 436–37 (5th Cir. 2018) (district court did not abuse its discretion by denying Rule 60(b) relief "due to the 'careless mistake of counsel,'" including "[c]alendaring errors and mistakes about deadlines."); *Buckmire v. Memorial Hermann Healthcare Sys., Inc.*, 456 F. App'x 431, 432 (5th Cir. 2012) (no abuse of discretion in denial of Rule 60(b)(1) motion where plaintiff failed to respond to summary judgment motion because attorney "forgot to 'calendar' the deadline for a response").[8] Since Norwood has not shown her failure to timely file the amended complaint was

---

[7] Doc. #21 at 1.

[8] Although the cited cases address excusable neglect in the context of Rule 60(b)(1), the Fifth Circuit has applied the same standards in addressing other uses of "excusable neglect," including in Rule 6(b). *See Allen v. Jackson Cnty.*, No. 1:12-cv-57, 2014 WL 940270, at *6 n.5 (S.D. Miss. Mar. 11, 2014) (collecting cases).

due to excusable neglect, her request for an extension is denied.[9] And because the amended complaint is untimely, it will be stricken and this case will be dismissed without prejudice for lack of jurisdiction in accordance with the Court's September 6 ruling.[10]

### B. Remaining Motions

Given the Court's determination that this case will be dismissed for lack of jurisdiction, all remaining motions will be denied as moot.

## III
## Conclusion

Norwood's motion for extension [21] is **DENIED**. The amended complaint [20] is **STRICKEN**. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction. UMR's remaining motions [18][25][27] are **DENIED as moot**.

**SO ORDERED**, this 5th day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] Even had the Court found an extension warranted, Norwood's responses to UMR's October 13 motion to dismiss and UMR's October 24 motion to dismiss or for summary judgment would not be considered due to their untimeliness, particularly since Norwood did not request an extension either before or after their filing and thus leaves their untimeliness without explanation constituting good cause or excusable neglect.

[10] The Court is cognizant that the statute of limitations likely bars Norwood from further pursuing her claims. However, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client … no matter how 'unfair' this on occasion may seem." *Proyer v. U.S. Postal Service*, 769 F.2d 281, 288 (5th Cir. 1985). This Court declines to set a precedent of allowing parties to seek after-the-fact extensions based on nothing more than counsel's unsubstantiated and unspecified "inadvertence."